**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 16-cv-62707-WJZ

ISMET BALTA,

    Plaintiff,

v.

ROCCO'S PIZZA, INC. D/B/A ROCCO'S PIZZA, GAETANO TUSA.

    Defendant(s).

_____

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiff Ismet Balta and Defendants Rocco's Pizza, Inc. and Gaetano TUSA (collectively referred to as the "Parties"), hereby file this Joint Motion to Approve Settlement Agreement and To Dismiss With Prejudice.  The Parties state the following in support:

1.  On November 16, 2016, Plaintiff filed an action in this Court, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., against Defendants.

2.  Defendants dispute Plaintiff's claim that there was any violation of the FLSA and state that Plaintiff was properly compensated under the FLSA.

3.  The Parties evaluated the claims, and engaged in settlement discussions and negotiations to determine an agreeable settlement to the asserted claims.

4.  The evaluations included the following: (a) the Parties exchanged pertinent pay and time records; (b) Plaintiff's counsel analyzed the information and documentation provided; (c) Plaintiff's counsel calculated a proposed settlement based upon an in-depth analysis of time sheets and payroll records; (d) Defendants' counsel calculated a proposed settlement based upon

an in-depth analysis of time sheets, payroll records, and possible exemptions under the FLSA; and (e) the Parties engaged in settlement discussions relying, in part, upon their own independent calculations.

5. On May 30, 2017, without admitting fault or liability, the Parties amicably resolved all disputed claims in this matter (including attorneys' fees and costs) and entered into a confidential settlement agreement ("Settlement Agreement"). Because of the nature of Plaintiff's claims, the Settlement Agreement requires Court approval in order to become effective.

6. In this regard, for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350,1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). *See also Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009).

7. *Fairness of Terms of Settlement*: A bona fide dispute exists between Plaintiff and Defendants in this case regarding whether Plaintiff is entitled to overtime pay and minimum wage compensation under the FLSA. Plaintiff contends that he was not properly paid overtime and minimum wages during the relevant time period. Defendants disagree and contend that Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act and otherwise properly paid for every hour worked. However, to avoid the risks and costs associated with

further litigation, the Parties have agreed to resolve this dispute. Importantly, throughout the entirety of the resolution process, Plaintiff was represented by competent counsel with experience in this area of the law. Defendants were also represented by experienced counsel throughout this process. The Parties request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks and costs associated with further litigation.

8. *Reasonableness of Attorneys' Fees and Costs:* A settlement value was reached in this case, which included and encompassed all claims and attorneys' fees and costs. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for its representation of Plaintiff through conclusion of the settlement. Counsel for the Parties represent that the exact amount of attorneys' fees and costs was negotiated separate and apart from the settlement amount to be given to Plaintiff under the Settlement Agreement. Defendants and their counsel stipulate to the reasonableness of attorneys' fees and costs sought by Plaintiff's counsel in this case. Plaintiff's counsel submits that the amount of the settlement proceeds that it will receive under the terms of the Settlement Agreement will be applied to its litigation costs and attorneys' fees. Accordingly, the Parties respectfully request that the Court approve the payment of the agreed upon amount for attorneys' fees and cost set forth in the Settlement Agreement to Plaintiff's counsel.

9. The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential. To that end, the Parties respectfully request approval to present the Confidential Settlement Agreement to the Court, in its written and executed form, for an *in camera* review, in order to protect the confidential nature of the agreement. By allowing an

*in camera* review, the Court can consider the agreement and still protect the confidentiality that the Parties bargained for.

10. Many judges in the Southern District have permitted parties in an FLSA settlement to submit confidential settlement agreements for an *in camera* review and/or to submit the agreements for review via other methods, without having to publicly file the agreements in the case docket. *See e.g., Garcia v. M & R Distributors, Int'l, Inc.,* Case No. 1:12-cv-24357-Martinez (Dkt. No. 19, 3/13/13 Paperless Order granting motion requesting *in camera* review of FLSA settlement agreement); *Singh v. H&R Block Eastern Enterprises,* Case No. 1:11-cv-20954-Scola (Dkt. No. 35, 4/10/12 Order granting motion requesting *in camera* review of FLSA settlement agreement); *Franco v. RailWorks Track Systems, Inc.,* Case No. 10-23647-cv-Ungaro (Dkt. No. 30, 6/17/11 Order approving FLSA settlement agreement after *in camera* review); *Graham v. Flextronics America, LLC,* Case No. 10-cv-61947-Cohn (Dkt. No. 25, 2/24/11 Final Order of Dismissal approving FLSA settlement agreement after *in camera* review); *Jones v. Family Dollar Stores of Florida, Inc.,* Case No. 09-22001-cv-Cooke (Dkt. No. 11, 9/2/09 Endorsed Order granting motion requesting *in camera* review of FLSA settlement agreement); *Isidor v. TB Isle Resort, LP*, Case No. 08-20156-cv-Gold (Dkt. No. 16, 3/31/08 Order approving FLSA settlement agreement after *in camera* review); *see also Badgett, et al. v. Dollar Tree Stores,* Case No. 0:10-cv-61617-Jordan (Dkt. No. 123, 9/26/11 Order allowing parties to file redacted copy of FLSA settlement agreement and to send unredacted copy to chambers for *in camera* review); *Reyes v. Swire Brickell Key Hotel, Ltd.,* Case No. 08-22806-cv-Moore (Dkt. No. 32, 2/28/09 Paperless Order directing parties to file FLSA settlement agreement under seal if they intend to keep the agreement confidential); *Gonzalez v. ABM Janitorial Services-Southeast,*

*LLC,* Case No. 08-22919-cv-Moreno (Dkt. No. 17, 2/19/09 Order granting leave to file FLSA settlement agreement under seal). A copy of each order is attached as Exhibit 1.

11. The Parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the settlement agreement and conditioned on the Court's reservation of jurisdiction to enforce the settlement agreement[1]

**WHEREFORE**, the Parties respectfully request that the Court review the Confidential Settlement Agreement in a manner that protects its confidential nature, and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Confidential Settlement Agreement entered into by the Parties.

Dated this 20th day of June 2017.

| | |
|---|---|
| **KOZ LAW, P.A.** | **LITTLER MENDELSON, P.C.** |
| 320 S.E. 9th Street | 333 S.E. 2nd Avenue, Suite 2700 |
| Fort Lauderdale, Florida 33316 | Miami, Florida 33131 |
| Tel.: (786) 924-9929 | Telephone: (305) 400-7500 |
| Fax: (786) 358-6071 | Facsimile: (305) 603-2552 |
| | |
| *s/ Elliot Kozolchyk* | *s/ Lindsay M. Alter* |
| Elliot Kozolchyk, Esq. | Sherril Colombo, Esq. |
| Florida Bar No. 74791 | Florida Bar No. 948799 |
| Email: ekoz@kozlawfirm.com | E-mail: scolombo@littler.com |
| | Lindsay M. Alter, Esq. |
| Counsel for Plaintiff | Florida Bar No.: 103237 |
| *Ismet Balta* | E-mail: lalter@littler.com |
| | |
| | Counsel for Defendants |
| | *Rocco's Pizza, Inc. and Gaetano TUSA* |

---

[1] *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).